**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**EDUARDO JOSE CANALES LAMELAS, ET AL.,**
**Plaintiffs**

**CIVIL ACTION**

**VERSUS**

**NO. 22-739**

**SALVADOR ABUD,**
**Defendant**

**SECTION: "E" (5)**

## ORDER AND REASONS

Before the Court is Plaintiffs' motion for summary judgment.[1] Defendant did not file an opposition.

## BACKGROUND

Plaintiffs allege that on August 3, 2020, Defendant executed a promissory note in favor of Plaintiffs, promising to pay Plaintiffs, on behalf of the Estate of Don Reynaldo Canales, $150,000.[2] Pursuant to the terms of the promissory note, Defendant promised to pay Plaintiffs in twice-yearly $15,000 installments.[3] Thus, $15,000 payments were and are due on each of the following dates: August 1, 2021; February 1, 2022; August 1, 2022; February 1, 2023; August 1, 2023; February 1, 2024; August 1, 2024; February 1, 2025; August 1, 2025; and February 1, 2026.[4]

Plaintiffs further allege that, pursuant to the terms of the promissory note, in the event of default as to any of the scheduled payments, Defendant agreed to be liable for all amounts due under the promissory note, and the remaining unpaid balance would immediately become due and payable in full to Plaintiffs, including attorney's fees and

[1] R. Doc. 23.
[2] R. Doc. 1 at p. 3.
[3] *Id.*
[4] *Id.*

costs incurred in collecting the outstanding amounts due.[5] The promissory note defined default as Defendant's "failure to pay any installment when due."[6]

Plaintiffs brought suit on March 22, 2022, after Defendant failed to make the August 1, 2021, and February 1, 2022 payments under the promissory note.[7] Plaintiffs ask the Court to find Defendant has breached the promissory note by failing to pay the amounts due under the note.[8] Plaintiffs further ask the Court for a judgment against Defendant awarding to Plaintiffs all amounts due and payable under the promissory note, including the full amount of the principal balance and attorney's fees and costs.[9]

**LEGAL STANDARD**

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[10] "An issue is material if its resolution could affect the outcome of the action."[11] When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[12] All reasonable inferences are drawn in favor of the non-moving party.[13] While all reasonable inferences must be drawn in favor of the non-moving party, the non-moving party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions or "only a scintilla of evidence."[14] There is no genuine issue of

---

[5] *Id.* at p. 4.
[6] *Id.*
[7] *Id.*
[8] *Id.* at p. 5.
[9] *Id.*
[10] FED. R. CIV. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).
[11] *DIRECTV, Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).
[12] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000).
[13] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[14] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

material fact if, even viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party, thus entitling the moving party to judgment as a matter of law.[15]

"Although the substance or content of the evidence submitted to support or dispute a fact on summary judgment must be admissible . . . the material fact may be presented in a form that would not, in itself, be admissible at trial."[16]

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."[17] To satisfy Rule 56's burden of production, the moving party must do one of two things: "the moving party may submit affirmative evidence that negates an essential element of the nonmoving party's claim" or "the moving party may demonstrate to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim."[18] If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden of production then shifts to the non-moving party to direct the Court's attention to something in the pleadings or other evidence in the record setting forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist.[19]

If the dispositive issue is one on which the non-moving party will bear the burden of persuasion at trial, the moving party may satisfy its burden of production by either (1)

---

[15] *Hibernia Nat. Bank v. Carner*, 997 F.2d 94, 98 (5th Cir. 1993) (citing *Amoco Prod. Co. v. Horwell Energy, Inc.*, 969 F.2d 146, 147–48 (5th Cir. 1992)).
[16] *Lee v. Offshore Logistical & Transp., L.L.C.*, 859 F.3d 353, 355 (5th Cir. 2017) (citations omitted).
[17] *Celotex*, 477 U.S. at 323.
[18] *Id.* at 331.
[19] *Id.* at 322–24.

submitting affirmative evidence that negates an essential element of the non-movant's claim, or (2) affirmatively demonstrating that there is no evidence in the record to establish an essential element of the non-movant's claim.[20] If the movant fails to affirmatively show the absence of evidence in the record, its motion for summary judgment must be denied.[21] Thus, the non-moving party may defeat a motion for summary judgment by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party."[22] "[U]nsubstantiated assertions are not competent summary judgment evidence. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. 'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'"[23]

"In deciding unopposed summary judgment motions, the Fifth Circuit has noted that a motion for summary judgment cannot be granted simply because there was no opposition."[24] "The movant has the burden of establishing the absence of a genuine issue of material fact and, unless it has done so, the court may not grant the motion, irrespective of whether any response was filed."[25] "Nevertheless, if no response to the motion for

[20] *Id.* at 331–32 (Brennan, J., dissenting).
[21] *See id.* at 332.
[22] *Id.* at 332–33. The burden would then shift back to the movant to demonstrate the inadequacy of the evidence relied upon by the non-movant. Once attacked, "the burden of production shifts to the nonmoving party, who must either (1) rehabilitate the evidence attacked in the moving party's papers, (2) produce additional evidence showing the existence of a genuine issue for trial as provided in Rule 56(e), or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f)." *Id.* at 332–33, 333 n.3.
[23] *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 324; *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) and quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992)).
[24] *Gonzales v. Abdurasulov*, No. 3:22-cv-00654, 2022 WL 2717633, at *1 (W.D. La. July 13, 2022) (citing *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n.3 (5th Cir. 1995)).
[25] *Id.* (citing *Powell v. Delaney*, No. CIV.A.SA00CA0426NN, 2001 WL 1910556, at *5-6 (W.D. Tex. June 14, 2001)).

summary judgment has been filed, the court may find as undisputed the statement of facts in the motion for summary judgment."[26] "The court has no obligation to 'sift through the record in search of evidence' to support the nonmovant's opposition to the motion for summary judgment."[27]

**UNDISPUTED FACTS**

Because the instant motion is unopposed, the Court considers Defendant's statement of uncontested facts[28] to be admitted pursuant to Local Rule 56.2. On or about August 3, 2020, Defendant executed a notarized promissory note in favor of Plaintiffs.[29] Defendant has failed to make any payments toward the $150,000 owed pursuant to the promissory note.[30] Pursuant to the promissory note, Defendant is liable for attorney fees and costs incurred by Plaintiffs in bring this action to collect the principal amount due under the note.[31]

**LAW AND ANALYSIS**

Plaintiffs ask the Court to find, as a matter of law, Defendant breached the promissory note executed by Defendant on August 3, 2020.[32] Plaintiffs argue summary judgment is appropriate because the undisputed facts are clear that Defendant is liable for all sums sought pursuant to the promissory note.[33]

Under Louisiana law, "[i]n order to enforce a promissory note, a plaintiff must: 1) produce and present the note into evidence; 2) show that it was signed by the defendant;

---

[26] *Id.* (citing *Powell*, No. CIV.A.SA00CA0426NN, 2001 WL 1910556, at *1).
[27] *Id.* at *2 (quoting *Forsyth*, 19 F.3d at 1533).
[28] R. Doc. 23-4.
[29] *Id.* at p. 1.
[30] *Id.*
[31] *Id.* at p. 2.
[32] R. Doc. 23.
[33] R. Doc. 23-1 at p. 2.

[and] 3) show that the defendant has defaulted."[34] "Once the plaintiff, in an action to recover on a promissory note, submits sufficient evidence, the summary judgment burden then shifts to the defendant to submit evidence establishing the existence of a triable issue of fact with respect to a *bona fide* defense."[35]

Plaintiffs have carried their initial burden of satisfying each of the above elements. As to the first two elements, it is undisputed that, on or about August 3, 2020, Defendant executed a notarized promissory note in favor of Plaintiffs, a document which Plaintiffs produced to the Court.[36] As to the third element, it is undisputed that Defendant has failed to make any payments toward the $150,000 owed pursuant to the promissory note.[37] It is further undisputed that, pursuant to the promissory note, Defendant is liable for attorney fees and costs incurred by Plaintiffs in bring this action to collect the principal amount due under the note.[38]

Because Plaintiffs have carried their initial burden, the burden shifts to Defendant to submit evidence establishing the existence of a triable issue of fact. Having failed to respond to the instant motion and to any discovery requests by Plaintiffs in the instant litigation, Defendant has failed to carry his burden.[39] Moreover, "[t]he court has no obligation to 'sift through the record in search of evidence' to support [Plaintiff's] opposition to the motion for summary judgment," and refrains to do so here.[40]

---

[34] *Hebert v. Torbert*, 2017 CA 1628, 2019 WL 126337, at *3 (La. App. 1 Cir. 1/7/19) (citing *Nat'l Collegiate Student Loan Trust 2003-1 v. Thomas*, 129 So. 3d 1231, 1233-34 (La. App. 2 Cir. 11/20/13)). In addition, Louisiana courts have articulated a fourth element relevant only if the rights under the promissory note have been assigned to a third party. *Id.* In such a case, a plaintiff must also "present evidence of a chain of assignments." *Id.* However, no such considerations are relevant here.
[35] *Id.*
[36] R. Doc. 23-4 at p. 1.
[37] *Id.*
[38] *Id.* at p. 2.
[39] *See* R. Doc. 23-1 at pp. 2-3.
[40] *Gonzales*, No. 3:22-cv-00654, 2022 WL 2717633, at *2 (quoting *Forsyth*, 19 F.3d at 1533).

## CONCLUSION

**IT IS ORDERED** that Plaintiff's motion for summary judgment is **GRANTED**.[41]

**IT IS FURTHER ORDERED** that Defendant pay Plaintiffs $150,000, the full amount due and owing under the promissory note.

**IT IS FURTHER ORDERED** that counsel for Plaintiffs file a motion for determination of the amount of attorney's fees by no later than **Wednesday, May 31, 2023**.

**New Orleans, Louisiana, this 10th day of May, 2023.**

Susie Morgan

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

41 R. Doc. 23.