UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EDUARDO JOSE CANALES LAMELAS, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER: 22-0739** |
| **SALVADOR ABUD** | **SECTION: "E"(5)** |

REPORT AND RECOMMENDATION

Before the Court is the Motion for Attorneys' Fees and Costs (rec. doc. 29) filed by Plaintiffs.[1] Defendant filed no opposition to the motion.[2] Having reviewed the motion and the case law, the Court rules as follows.

I. Background

This lawsuit arose out of unpaid sums due on a promissory note executed by Defendant Salvador Abud in favor of Plaintiffs, Eduardo Jose Canales Lamelas and Ana Cecelia Canales Lamelas on behalf of the Estate of Don Reynaldo (AKA Reinaldo) Canales. (Rec. doc. 1). On August 3, 2020, Defendant executed a promissory note in favor of Plaintiffs, promising to pay $150,000.00 in $15,000.00 installments without interest. (*Id.* at ¶ 6). Pursuant to the note, payments were due beginning on August 1, 2021 and were to be made every six months thereafter through February 2026. (*Id.*). Defendant never made a payment. (Rec. doc. 27 at 6). After failing to make any payments pursuant to the terms of the note and after a series of pre-suit outreaches to Defendant's counsel regarding

---

[1] The District Court referred the motion to the undersigned pursuant to 28 U.S.C. § 636. (Rec. doc. 30).
[2] The parties moved to continue the submission date of the motion on numerous occasions on the ground that they were discussing settlement of the amount of attorneys' fees, which would eventually moot the motion. (Rec. docs. 32, 35, 37). This Court granted the motions to continue. (Rec. docs. 34, 36, 38). The last submission date was October 25, 2023 (rec. doc. 38), and the parties have not moved again to continue the submission date of the motion.

payment, Plaintiffs filed this lawsuit on March 22, 2022 in order to recover the sums due. (Rec. doc. 1). After the filing of the lawsuit, limited settlement discussions occurred, but were unsuccessful. (Rec. docs. 9, 11, 13). Defendant ultimately answered the lawsuit on September 27, 2022, generally denying the allegations in Plaintiffs' Complaint. (Rec. doc. 16). Because Defendant did not admit the allegations in the Complaint, Plaintiffs were forced to engage in written discovery in order to determine the basis upon which Defendant denied the allegations. (Rec. doc. 23-2). Defendant never responded to Plaintiffs' written discovery. (Rec. doc. 23 at 2-3).

On April 11, 2023, Plaintiffs filed a Motion for Summary Judgment seeking an award of all sums due under the promissory note. (Rec. doc. 23). Defendant did not oppose Plaintiffs' Motion for Summary Judgment. (Rec. doc. 27 at 5). On May 1, 2023, the District Court granted Plaintiffs' motion, finding that Plaintiffs had carried their burden of proving that Defendant had breached the promissory note and had failed to make any payments. (*Id.* at 6-7). The District Court ordered Defendant to pay Plaintiffs $150,000.00, the full amount owed under the promissory note, and also found Defendant liable for attorneys' fees and costs incurred by Plaintiffs in bringing the action to collect the principal amount due under the note. (*Id.* at 7).

**II.    The Lodestar Approach**

The United States Supreme Court and the Fifth Circuit have often repeated that a request for attorneys' fees should not spawn major ancillary litigation. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Associated Builders & Contractors of La., Inc. v. Orleans Par. School Bd.*, 919 F.2d 374, 379 (5th Cir. 1990). A court's discretion in fashioning a reasonable attorney's fee is broad and reviewable only for an abuse of discretion, *i.e.*, it will

2

not be reversed unless there is strong evidence that it is excessive or inadequate, or the amount chosen is clearly erroneous. *Hensley*, 461 U.S. at 436-37; *Hopwood v. State of Tex.*, 236 F.3d 256, 277 n.79 (5th Cir. 2000).

To determine a reasonable fee, the Court must provide a concise but clear explanation of its reasons for the fee award, making subsidiary factual determinations regarding whether the requested hourly rate is reasonable, and whether the tasks reported by counsel were duplicative, unnecessary, or unrelated to the purposes of the lawsuit. *Hensley*, 461 U.S. at 437-39; *Associated Builders & Contractors*, 919 F.2d at 379. The Fifth Circuit has noted that its "concern is not that a complete litany be given, but that the findings be complete enough to assume a review which can determine whether the court has used proper factual criteria in exercising its discretion to fix just compensation." *Brantley v. Surles*, 804 F.2d 321, 325-26 (5th Cir. 1986).

In assessing the reasonableness of attorneys' fees, the Court must first determine the "lodestar" by multiplying the reasonable number of hours expended and the reasonable hourly rate for each participating attorney. *See Hensley*, 461 U.S. at 433; *Green v. Adm'rs of the Tulane Educ. Fund*, 284 F.3d 642, 661 (5th Cir. 2002), *overruled on other grounds by Burlington N. & Santa Fe Railway Co. v. White*, 548 U.S. 53 (2006); *Migis v. Pearle Vision, Inc.*, 135 F.2d 1041, 1047 (5th Cir. 1998); *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). The lodestar is presumed reasonable, but a court may then enhance or decrease it after considering the twelve *Johnson* factors.[3] *Fessler v. Porcelana Corona De Mexico, S.A. De C.V.*, 23 F.4th 408, 415 (5th Cir. 2022) (citing *Combs v. City of Huntington*, 829 F.3d 388, 392 (5th Cir. 2016)). "'[T]he most critical factor' in determining a reasonable

---

[3] *See Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 90 (1989).

fee 'is the degree of success obtained.'" *Combs*, 829 F.3d at 394 (quoting *Hensley*, 461 U.S. at 436). The fee applicant bears the burden of proof on the lodestar issue, but once calculated, the party seeking modification of the lodestar under the *Johnson* factors bears the burden. *See Fessler*, 23 F.4th at 416; *Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir. 1996); *Kellstrom*, 50 F.3d at 324; *In re Smith*, 996 F.2d 973, 978 (5th Cir. 1992).

### A. Reasonable Hourly Rates

"'[R]easonable' hourly rates 'are to be calculated according to the prevailing market rates in the relevant community.'" *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). "[T]he burden is on the fee applicant to produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill." *Blum*, 465 U.S. at 895 n.11. "An attorney's requested hourly rate is prima facie reasonable when [he] requests that the lodestar be computed at [his] 'customary billing rate,' the rate is within the range of prevailing market rates and the rate is not contested." *White v. Imperial Adjustment Corp.*, No. 99-3804, 2005 WL 1578810, at *5 (E.D. La. June 28, 2005) (citing *La. Power*, 50 F.3d at 328).

Plaintiffs seek fees for two attorneys: Michael L. DeShavo and Christine W. Adams, both partners at the law firm of DeShazo Adams, L.L.C. (Rec. doc. 29-2). DeShazo is an attorney with 18 years of experience, and Adams is an attorney with 11 years of experience. (*Id.*). Plaintiffs seek $325.00/hour for DeShazo and $225.00/hour for Adams. Both DeShazo and Adams practice mainly in the areas of commercial litigation, employment and construction law, and contract law. (Rec. doc. 29-2 at 2-3).

4

Having reviewed the case law, the Court finds that the prevailing market rates in this community for attorneys with experience similar to that of DeShazo and Adams cover a wide spectrum. S*ee Ill. Cent. R.R. Co. v. Bhd. of Locomotive Engineers & Trainmen*, No. CV 20-1717, 2021 WL 65648, at *2 (E.D. La. Jan. 7, 2021) (awarding attorneys' fees at the requested billing rate of $275.00 per hour for attorneys with 21 years and 3 years of experience and $200.00 per hour for an attorney with 30 years of experience); *Badon v. Berry's Reliable Res., L.L.C.*, No. CV 19-12317, 2020 WL 9440406, at *3 (E.D. La. Nov. 30, 2020) (reducing the billing rate for an attorney with 14 years of experience from the requested $350.00 per hour to $300.00 per hour); *Norris v. Causey*, No. CV 14-1598, 2016 WL 1046101, at *9 (E.D. La. Mar. 16, 2016) (finding rates of $250.00, $200.00, and $150.00 were reasonable for attorneys with 31, 12 and 8 years respectively); *Jefferson v. Baywater Drilling, L.L.C.*, No. CV 14-1711, 2015 WL 7281612, at *1 (E.D. La. Nov. 17, 2015) (affirming magistrate judge's report and recommendation finding that rates of $500.00 and $450.00 per hour were reasonable for two attorneys with 40 years of experience in maritime litigation and that $240.00 per hour was reasonable for an attorney with seven years' experience in maritime litigation); *Adams v. City of New Orleans*, No. Civ. A. 13-6779, 2015 WL 4606223, at *3 (E.D. La. July 30, 2015) (finding rate of $350.00 per hour reasonable for an attorney with 29 years of experience); *EnVen Energy Ventures, L.L.C. v. Black Elk Energy Offshore Operations, L.L.C.*, No. 14-424, 2015 WL 3505099, at *1-3 (E.D. La. June 3, 2015) (approving hourly rate of $325.00 for an attorney with twenty years of experience, $300.00 for an attorney with ten years of experience, and $275.00 for an attorney with seven years of experience);*Receivables Exch., L.L.C. v. Advanced Tech. Servs., Inc.*, No. Civ. A. 14-668, 2015

WL 2372434, at *5 (E.D. La. May 18, 2015) (finding a rate of $240.00 reasonable for an attorney with 23 years of experience in commercial litigation).

Pursuant to this case law, the Court finds that the hourly rates requested by DeShazo and Adams are their customary billing rates, the rates are within the range of prevailing market rates, and the rates are not contested. *La. Power & Light*, 50 F.3d at 328; *see also Durene v. Brinker La. Inc.*, No. CV 21-01568, 2022 WL 2828831, at *2 (E.D. La. July 20, 2022) ("In this case the rates of the billing attorneys are not contested, and they are therefore reasonable."); *Johnson v. Big Lots Stores, Inc.*, 639 F. Supp. 2d 696, 701 (E.D. La. 2009) ("When an attorney's requested rate is his customary billing rate and within the range of prevailing market rates, the court should consider the rate prima facie reasonable if not contested."). Accordingly, the Court finds that these hourly rates are reasonable.

      **B.**    **Reasonable Hours Expended**

The party seeking the fee bears the burden of documenting and supporting the reasonableness of all time expenditures for which compensation is sought. *Hensley*, 461 U.S. at 437. "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, and otherwise unnecessary . . ." *Id.* at 434. Hours that are not properly billed to one's client are not properly billed to one's adversary. *Id.* The Supreme Court calls on fee applicants to make a fee request that demonstrates "billing judgment." *Id.* The remedy for failing to exercise "billing judgment" is to exclude hours that were not reasonably expended. *Id.* at 434; *Walker v. City of Mesquite*, 313 F.3d 246, 251 (5th Cir. 2002) (quoting *Walker v. HUD*, 99 F.3d 761, 770 (5th Cir. 1996)) ("If there is no evidence of billing judgment, however, then the proper remedy is not a denial of fees, *but a reduction of 'the hours awarded by a percentage intended to*

6

*substitute for the exercise of billing judgment.*'" (emphasis added)).  Alternatively, this Court can conduct a line-by-line analysis of the time report.  *See Green*, 284 F.3d at 662; *Cameron v. Greater New Orleans Fed. Credit Union*, Civ. A. No. 16-8514, 2017 WL 1426970, at *2 (E.D. La. Apr. 21, 2017).

Attached to Plaintiffs' motion is the Declaration of Michael DeShazo, which includes the relevant billing records.  (Rec. doc. 29-2).  In total, Plaintiffs' counsel expended a combined 96 total hours litigating this case.  (*Id.*).  Plaintiffs only seek compensation for 92.2 of those hours.  (*Id.*).  In calculating the hours, counsel exercised billing judgment by taking affirmative steps to safeguard against duplication of effort and unnecessary labor by DeShazo and Adams. Further, in an effort to eliminate any questions about the reasonableness of the fees, Plaintiffs applied a 10% discount to the attached billing records to account for any time expended that may be viewed as duplicative in nature.  Finally, Plaintiffs do not seek compensation for the work performed by Marina Wilson, a contract attorney who assisted Plaintiffs' counsel with legal research and the preparation of pleadings in this matter.  Having reviewed the docket sheet and the billing records – which reflect the efforts exerted by Plaintiffs' counsel – the Court finds that Plaintiffs' counsel have exercised billing judgment and therefore, the total number of hours for which Plaintiffs now seek an award in this matter is reasonable.[4]

## III. Costs

Plaintiffs seek costs in the amount of $402.50, which is comprised of $402.00 for the filing fee and (it appears from Plaintiffs' argument) 50 cents to serve Defendant.  Filing fees and fees for service of process (that are cheaper than those charged by the U.S. Marshal)

---

[4] Plaintiffs do not seek an upward adjustment based on the *Johnson* factors.  They cite only to two *Johnson* factors to reinforce their argument that their requested attorneys' fees are reasonable.

are generally recoverable. *Gros v. New Orleans City*, No. Civ. A. 12-2322, 2014 WL 2506464, at *16 (E.D. La. June 3, 2014), *on reconsideration in part*, No. Civ. A. 12-2322, 2014 WL 3894371 (E.D. La. Aug. 8, 2014); *Marsala v. Mayo*, No. 06–3846, 2014 WL 1276187, at *4 (E.D. La. Mar. 27, 2014). Accordingly, the Court will award Plaintiffs $402.50 in costs.

## IV. Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that the Motion for Attorneys' Fees and Costs (rec. doc. 29) be **GRANTED**, and Plaintiffs be awarded $21,424.50 in fees and $402.50 in costs for a total of $21,827.00.

### NOTICE OF RIGHT TO OBJECT

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 11th day of December, 2023.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE