**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **EDUARDO JOSE CANALES LAMELAS, ET AL.,** **Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **NO.  22-739** |
| **SALVADOR ABUD,** **Defendant** | **SECTION: "E" (5)** |

## ORDER AND REASONS

Before the Court is the issue of whether Defendant Salvador Abud ("Defendant") should be held in civil contempt for failure to comply with Magistrate Judge North's April 21, 2025 order compelling post-judgment discovery. On July 9, 2026, the Court held a show cause hearing requiring Defendant to show cause why he should not be held in contempt. Defendant and counsel for Plaintiffs appeared at the hearing. Considering the record, the applicable law, the parties' arguments, and Abud's testimony at the hearing, the Court finds Defendant in civil contempt of court.

## BACKGROUND

Plaintiffs filed this lawsuit on March 22, 2022 seeking to recover sums due under a promissory note.[1] On May 10, 2023, the Court granted the Plaintiffs' motion for summary judgment and entered judgment in favor of Plaintiffs and against Defendant in the amount of $150,000.[2] The Court gave Plaintiffs' counsel leave to file a motion for the determination of the attorneys' fees due to Plaintiffs, which Plaintiffs filed.[3] The Court entered a second Judgment in favor of the Plaintiffs on January 26, 2024, awarding them

---

[1] R. Doc. 1.
[2] R. Doc. 28.
[3] R. Doc. 29.

1

an additional $21,827.00 in fees and costs together with post-judgment interest from the date of the original judgment.[4] To date, Defendant has not made payments on either judgment.

On January 2, 2025, counsel for Plaintiffs propounded discovery to Defendant in Support of Execution of Judgment pursuant to Rule 69 of the Federal Rules of Civil Procedure and Louisiana Code of Civil Procedure art. 2451.[5] No response was received to these discovery requests by the deadline of February 3, 2025. Accordingly, on February 4, 2025, counsel for the Plaintiffs requested a telephone conference with counsel for the Defendant to occur on February 12, 2025 at 10:00 a.m. to discuss the status of responses to the post-judgment discovery.[6] No response was received objecting to the time set for the conference. Counsel for Plaintiffs attempted to hold the conference as scheduled but was unsuccessful in reaching counsel for Defendant by telephone. Accordingly, counsel for Plaintiffs followed up in an email correspondence asking that counsel for Defendant contact her.[7] However, counsel for Defendant did not contact counsel for the Plaintiffs as requested.

On March 20, 2025, counsel for Plaintiffs filed a motion to compel post-judgment discovery, which Magistrate Judge North granted as unopposed on April 21, 2025.[8] The order required Defendant to respond fully and completely, and in writing, to Plaintiffs' post-Judgment discovery requests no later than 10 days from the date of the order.[9]

---

[4] R. Doc. 41.
[5] R. Doc. 44-2.
[6] R. Doc. 44-3.
[7] R. Doc. 44-4 at p. 1.
[8] R. Doc. 46.
[9] *Id.*

On October 31, 2025 defense counsel withdrew from the case and Defendant proceeded in this matter pro se.[10] On February 18, 2026, Plaintiffs filed a motion for contempt, requesting this Court find Defendant in contempt for failing to comply with Magistrate Judge North's April 21, 2025 order compelling post-judgment discovery.[11] On May 21, 2026, Magistrate Judge North issued a Report and Recommendation certifying the above-stated facts to this Court and recommending the Court grant Plaintiffs' Motion for Contempt and hold a show cause hearing as to why Defendant should not be adjudged in civil contempt by reason of the certified facts.[12] On June 9, 2026, this Court adopted Magistrate Judge North's Report and Recommendation, granting Plaintiffs' Motion for Contempt and ordering Defendant to appear before it on June 18, 2026, at 2:00 p.m. to show cause why he should not be adjudged in civil contempt.[13]

On June 16, 2026, the Court continued the show cause hearing to July 9, 2026 at 2:00 p.m.[14] The Court ordered the U.S. Marshals to serve the order continuing the revocation hearing, Magistrate Judge North's Report and Recommendation, and the Court's order granting Plaintiffs' motion for contempt on Mr. Abud at the following address:

Salvador Abud
4717 North Turnbull Drive
Metairie, Louisiana 70002-1446
Email: eximco@bellsouth.net

---

[10] R. Doc. 49.
[11] R. Doc. 50.
[12] R. Doc. 56.
[13] R. Doc. 58.
[14] R. Doc. 60.

The Court has been informed, and the record reflects, that the U.S Marshals served these documents on Mr. Abud's wife on July 7, 2026 at this physical address.[15] The Court further ordered the Clerk's Office to notify Mr. Abud of the hearing via certified mail.[16] On July 2, 2026, the Clerk's office entered a Return of Service Order showing that it sent Defendant notice of the show cause hearing through certified mail.[17]

The Court held a hearing on July 9, 2026 at 2:00 p.m. for Defendant to show cause why he should not be adjudged in civil contempt. Defendant appeared at the hearing and represented that he had provided partial responses to Plaintiffs' discovery requests to his former attorney, F. Evans Schmidt. Defendant acknowledged that he provided these responses to his attorney after his attorney had withdrawn as Defendant's counsel of record. Plaintiffs' counsel responded that, although Plaintiffs had received Defendant's responses to some of their written discovery requests from Defendant's former counsel, they had not received full and complete response to all of their discovery requests.

## **LAW AND ANALYSIS**

Under 28 U.S.C. § 636(e)(6)(B), in any case in which a party commits an act constituting civil contempt:

> the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

---

[15] R. Doc. 62.
[16] R. Doc. 60.
[17] R. Doc. 61.

Accordingly, this Court has authority to conduct a hearing to determine whether Defendant should be held in civil contempt for violating Magistrate Judge North's order.

A party is in contempt when it violates a "definite and specific order of the court requiring it to perform or refrain from performing a particular act or acts with knowledge of the court's order."[18] The party moving for an order of civil contempt must establish by clear and convincing evidence: (1) that a court order was in effect; (2) that the order required specified conduct by the respondent; and (3) that the respondent failed to comply with the court's order."[19] Proof is sufficient to be clear and convincing if it "produces in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established[.]"[20]

Upon an order finding a party in civil contempt, the Court may impose sanctions.[21] "Civil contempt sanctions must be calculated either to (1) coerce the contemnor into compliance with a court order or (2) compensate another party for the contemnor[']s violations."[22] Contempt sanctions imposed to force the contemnor's compliance "are civil only if they are 'conditional on the contemnor[']s conduct.'"[23] If contempt sanctions are instead imposed to compensate another party, those sanctions must be based on the party's actual loss.[24] A court has broad discretion to impose judicial sanctions that would coerce compliance with its orders or compensate the movant for its losses.[25]

---

[18] *Gibson Brands, Inc. v. Armadillo Distribution Enterprises, Inc.*, No. 19-358, 2023 WL 2352830, at *2 (E.D. Tex. Mar. 3, 2023) (citations omitted).

[19] *Piggly Wiggly Clarksville, Inc. v. Mrs. Baird's Bakeries*, 177 F.3d 380, 382 (5th Cir. 1999) (citing *F.D.I.C. v. LeGrand,* 43 F.3d 163, 170 (5th Cir.1995).

[20] *Ravago Americas L.L.C. v. Vinmar Int'l Ltd.*, 832 F. App'x 249, 259 (5th Cir. 2020).

[21] *Matter of Highland Cap. Mgmt., L.P., 98 F.4th 170, 174 (5th Cir. 2024).*

[22] *Id.*

[23] *Id.* at 175 (quoting *Lamar Fin. Corp. v. Adams*, 918 F.2d 564, 566 (5th Cir. 1990)).

[24] *Id.*

[25] *See Mary Kay Inc. v. Designs by Deanna, Inc.*, No. 3:00-CV-1058-D, 2013 WL 6246484, at *4 (N.D. Tex. Dec. 7, 2013).

In this case, each element of civil contempt has been satisfied by clear and convincing evidence. Magistrate Judge North issued an order on April 21, 2025 compelling Defendant to respond to Plaintiffs' post-judgment discovery requests fully and completely and in writing.[26] This order was clear, definite, and unambiguous as to Defendant's obligations. Although Defendant represented at the show cause hearing that he has provided partial information to his attorney in response to some of Plaintiff's requests, he admitted he has failed to respond fully and completely to all of Plaintiff's requests. Defendant has not provided an adequate justification for failing to respond fully to all of Plaintiff's discovery requests, which have remained outstanding for over a year. For these reasons, the Court finds Defendant is in civil contempt of this Court and will impose sanctions intended to coerce Defendant to comply with Judge North's April 21, 2025 order compelling post-judgment discovery.

## CONCLUSION

**IT IS ORDERED** that Defendant Salvador Abud is held in civil contempt for his repeated failure to comply fully and completely with orders by Judge North and this Court.

**IT IS FURTHER ORDERED** that, beginning **today, July 9, 2026**, Defendant shall pay a coercive fine of $50 per day for each day he fails to comply fully and completely with Magistrate Judge North's April 21, 2025 order compelling post-judgment discovery. If Defendant's total fine reaches $10,000 and he has still not complied with Judge North's order, the Court will consider, upon motion by Plaintiffs, whether to impose more severe sanctions against Defendant, including issuing a warrant for his arrest.

---

[26] R. Doc. 46.

6

**IT IS FURTHER ORDERED** that fees incurred in connection with bringing the instant motion for contempt are awarded to Plaintiffs and against Defendant. Plaintiffs may file a motion seeking such fees on or before **July 20, 2026**.

New Orleans, Louisiana, this 9th day of July, 2026.

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

**Clerk to Notify via email and certified mail:**

Salvador Abud
4717 North Turnbull Drive
Metairie, Louisiana 70002-1446
Email: eximco@bellsouth.net